UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROLAND THOMAS KOCH, | 1:18-cv-00546-LJO-GSA-PC |
| Plaintiff, | **SCREENING ORDER** |
| vs. | **ORDER DISMISSING COMPLAINT FOR FAILURE TO STATE A CLAIM, WITH LEAVE TO AMEND** |
| PAM AHLIN, et al., | |
| Defendants. | **THIRTY-DAY DEADLINE TO FILE FIRST AMENDED COMPLAINT** |

**I.    BACKGROUND**

Roland Thomas Koch ("Plaintiff") is a civil detainee proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on April 19, 2018. (ECF No. 1.) The Complaint is now before the court for screening. 28 U.S.C. § 1915.

**II.   SCREENING REQUIREMENT**

The *in forma pauperis* statute provides that "the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). A complaint must contain "a short and plain statement of the claim showing that the pleader is

1

entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)), and courts "are not required to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). While factual allegations are accepted as true, legal conclusions are not. Iqbal, 556 U.S. at 678. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

Under section 1983, Plaintiff must demonstrate that each defendant *personally* participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002) (emphasis added). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 556 U.S. at 678; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Id.

### III. SUMMARY OF COMPLAINT

Plaintiff is a civil detainee presently detained at Coalinga State Hospital under California's "Sexually Violent Predators Act" (California Welfare and Institutions Code § 6600 et seq.), where the events at issue in the Complaint allegedly occurred. Plaintiff names as defendants Pam Ahlin (Executive Director), John Doe, Jane Doe, and Jack Carter (Chief of Police) (collectively, "Defendants"). Plaintiff's allegations follow.

The Executive Director of State Hospitals ordered illegal property to be confiscated from all State Hospital patients, by permission of the courts. The information was relayed to the courts,

///

and patients, that only "illegal" property was to be confiscated. The Chief of Police supervised the confiscation of property through the "John and Jane Does." ECF No. 1 at 3 ¶ 3. "Legal" property was confiscated, and not returned more than 90 days later. Complaints and letters to said officials are not responded to. Property has been lost and broken. Threats of destruction of personal property have been made. Punishment for having legal property has been carried out. Confiscated property was not documented, and officials refuse to provide documentation related to property. Plaintiff complains of denial of access to family and courts for 30 days.

Plaintiff suffers from stress, loss of more than 20 pounds, being placed in isolation and continuous supervision by medical staff for safety.

Plaintiff requests the immediate return of all of his legal property, including but not limited to an X-box Playstation, Tablet, music CDs, X-box games, and headphones. Plaintiff states that the X-box Playstation has no memory if the internal hard drive is removed, and removal of the hard drive is as easy as taking a file out of your cabinet.

### IV.   PLAINTIFF'S CLAIMS

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983.

"[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" Graham v. Connor, 490 U.S. 386, 393-94 (1989) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)); see also Chapman v. Houston Welfare Rights Org., 441 U.S. 600, 618 (1979); Hall v. City of Los Angeles, 697 F.3d 1059, 1068 (9th Cir. 2012); Crowley v. Nevada, 678 F.3d 730, 734 (9th Cir. 2012); Anderson v. Warner, 451 F.3d 1063, 1067 (9th Cir. 2006). "To the extent that the violation of a state law

///

///

amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, Section 1983 offers no redress." Id.

To state a claim under § 1983, a plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived him or her of rights secured by the Constitution or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); see also Marsh v. Cnty. of San Diego, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law"). A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" Preschooler II v. Clark Cnty. Sch. Bd. of Trs., 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." Preschooler II, 479 F.3d at 1183 (quoting Johnson, 588 F.2d at 743). This standard of causation "closely resembles the standard 'foreseeability' formulation of proximate cause." Arnold v. Int'l Bus. Mach. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981); see also Harper v. City of Los Angeles, 533 F.3d 1010, 1026 (9th Cir. 2008).

### A. Supervisory Liability, Personal Particiation

Plaintiff names defendants who hold supervisory positions, such as Pam Ahlin (Executive Director) and Jack Carter (Chief of Police). Supervisory personnel may not be held liable under section 1983 for the actions of subordinate employees based on *respondeat superior*, or vicarious liability. Crowley v. Bannister, 734 F.3d 967, 977 (9th Cir. 2013); accord Lemire v. California Dep't of Corr. And Rehab., 726 F.3d 1062, 1074-75 (9th Cir. 2013); Lacey v. Maricopa County, 693 F.3d 896, 915- 16 (9th Cir. 2012) (en banc). Rather, "[a] supervisor may be liable only if (1) he or she is personally involved in the constitutional deprivation, or (2) there is a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation."

///

///

Crowley, 734 F.3d at 977 (citing Snow v. McDaniel, 681 F.3d 978, 989 (9th Cir. 2012) (internal quotation marks omitted); accord Lemire, 726 F.3d at 1074-75; Lacey, 693 F.3d at 915-16.

Plaintiff has not alleged facts showing that Pam Ahlin or Jack Carter personally violated Plaintiff's constitutional rights through their individual actions. It is not sufficient to state that the Executive Director of State Hospitals ordered illegal property to be confiscated from all State Hospital patients, or that the Chief of Police supervised the confiscation of property through other defendants.

To state a claim under § 1983, Plaintiff must describe personal acts by a named Defendant, showing how each Defendant's conduct caused him to be deprived of constitutional or other federal rights. Plaintiff has not done so for any of the named Defendants in this action. Therefore, Plaintiff fails to state any claims under § 1983 against any of the Defendants. Plaintiff shall be granted leave to file an amended complaint to cure the deficiencies in his claims.

### B. Civil Detainees

Plaintiff is a civil detainee at Coalinga State Hospital. "Persons who have been involuntarily committed are entitled to more considerate treatment and conditions of confinement than criminals whose condition of confinement are designed to punish." Youngberg v. Romeo, 457 U.S. 307, 321-22 (1982). A civil detainee "is entitled to protections at least as great as those afforded to a civilly committed individual and at least as great as those afforded to an individual accused but not convicted of a crime." Jones v. Blanas, 393 F.3d 918, 932 (9th Cir. 2004). Nevertheless, civilly committed persons can "be subjected to liberty restrictions 'reasonably related to legitimate government objectives and not tantamount to punishment.'" Serna v. Goodno, 567 F.3d 944, 949 (8th Cir. 2009) (quoting Youngberg, 457 U.S. at 320-21).

### C. Due Process – Fourteenth Amendment

The Due Process Clause protects against the deprivation of liberty and property without due process of law. Wilkinson v. Austin, 545 U.S. 209, 221, 125 S.Ct. 2384, 2393 (2005). In order to invoke the protection of the Due Process Clause, a plaintiff must first establish the

///

///

existence of a liberty or property interest for which the protection is sought. Id. Protected interests may arise from the Due Process Clause itself or from state law. Id.

### 1. **Personal Property**

Plaintiff alleges that his "legal" personal property was taken during a confiscation of "illegal" property from patients at all State Hospitals by Police Chief Jack Carter, John Doe and Jane Doe, under orders of the Executive Director of State Hospitals, Pam Ahlin, and the courts.

It is beyond dispute that civil detainees have a protected interest in personal property. Bell v. Wolfish, 441 U.S. 520, 554 (1979) (The Due Process Clause provides protection for convicted prisoners and pretrial detainees alike against the deprivation of their property without due process of law). In this context, the Due Process Clause protects [Plaintiff] from being deprived of his property without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). An authorized, intentional deprivation of property is actionable under the Due Process Clause. However, a plaintiff has no due process claim based on an unauthorized deprivation of property by a state employee, whether intentional or negligent, if a meaningful state post-deprivation remedy for his loss is available. See Hudson v. Palmer, 468 U.S. 517, 533 (1984). California's tort claim process provides that adequate post-deprivation remedy. Barnett v. Centoni, 31 F.3d 813, 816–17 (9th Cir. 1994) (citing Cal. Gov't Code §§ 810–895) ("[A] negligent or intentional deprivation of a prisoner's property fails to state a claim under section 1983 if the state has an adequate post deprivation remedy."); see also Teahan v. Wilhelm, 481 F. Supp. 2d 1115, 1120 (S.D. Cal. 2007); Kemp v. Skolnik, No. 2:09-CV-02002-PMP, 2012 WL 366946, at *6 (D. Nev. Feb. 3, 2012) (finding prisoner's alleged loss or destruction of newspaper, magazines, and books failed to state a Fourteenth Amendment claim pursuant to Hudson and noting that "[i]f Plaintiff wishes to recoup the value of the alleged lost materials, he will have to file a claim in small claims court in state court.").

Plaintiff alleges that the confiscation of his "legal" property was unauthorized and either intentional or negligent. Therefore, because Plaintiff has an adequate post-deprivation remedy under California law, he fails to state a due process claim for the loss of his property.

///

2. **Isolation and Supervision by Medical Staff**

Plaintiff alleges that he was placed in isolation and under continuous supervision by medical staff for safety. Plaintiff does not state why he was placed in isolation or whether it was for punishment or for Plaintiff's safety. Plaintiff may be able to state a due process claim for being confined in isolation. However, if Plaintiff decides to pursue this claim in his amended complaint he should give more facts, including which named Defendant isolated him, why, where, how long he was isolated, and under what conditions.

Thus, Plaintiff fails to state a due process claim based on being placed in isolation. Plaintiff shall be granted leave to amend the Complaint to correct the deficiencies in this claim.

D. **Fourth Amendment – Unreasonable Search and Seizure**

"[T]he Fourth Amendment right of people to be secure against unreasonable searches and seizures" extends to both prisoners and civil detainees such as Sexually Violent Predators. Thompson v. Souza, 111 F.3d 694, 699 (9th Cir. 1997) (quoting Michenfelder v. Sumner, 860 F.2d 328, 332 (9th Cir. 1988)); Serna, 567 F.3d at 948-49. "The reasonableness of a particular search is determined by reference to the [detention] context." Michenfelder, 860 F.2d at 332. There are concerns in a civil detention facility that mirror those that arise in the prison context: e.g., 'the safety and security of guards and others in the facility, order within the facility and the efficiency of the facility's operations.'" Andrews v. Neer, 253 F.3d 1052, 1061 (8th Cir. 2001)).

For the Fourth Amendment to apply, there must be a "reasonable expectation of privacy in the area invaded." Houx v. Koll, No. 1:15-CV-00146-LJO, 2015 WL 4138967, at *4 (E.D. Cal. July 8, 2015), subsequently aff'd in part, rev'd in part, 671 F. App'x 445 (9th Cir. 2016) (quoting Espinosa v. City and County of San Francisco, 598 F.3d 528, 533 (9th Cir. 2010); Hudson, 468 U.S. at 525; Bell, 441 U.S. at 556–57). The contours of an involuntarily confined civil detainee's right to privacy in his room in a secure treatment facility are unclear, but assuming Plaintiff retains *any* reasonable expectation of privacy at all in his living area at Coalinga State Hospital, it would necessarily be of a diminished scope given Plaintiff's civil

///
///

confinement. Houx, 2015 WL 4138967 at *4; see Bell, 441 U.S. at 556–57 (discussing detainee's expectation of privacy in cell or room at detention facility); see also Pesci v. Budz, No. 2:12–cv–227–FtM–29SPC, 2012 WL 4856746, at *6 (M.D.Fla. Oct.12, 2012) (civil detainee did not have a reasonable expectation of privacy in his dormitory); Rainwater v. Bell, No. 2:10–cv–1727 GGH P, 2012 WL 3276966, at *11 (E.D.Cal. Aug. 9, 2012) (finding, on summary judgment, that civil detainee did not have a reasonable expectation of privacy in his jail cell); Pyron v. Ludeman, Nos. 10–3759 (PJS/JJG), 10–4236 (PJS/JJG), 2011 WL 3293523, at *6 (D.Minn. Jun.6, 2011) (finding motion to dismiss should be granted because a search of a civil detainee's personal items in his cell does not violate the Fourth Amendment), report and recommendation adopted in full, 2012 WL 1597305 (D.Minn. Jul. 29, 2011); Riley v. Doyle, No. 06–C–574–C, 2006 WL 2947453, at *5 (W.D.Wis. Oct.16, 2006) (civil detainee denied leave to proceed on Fourth Amendment claim arising out of repeated contraband searches because there is no reasonable expectation of privacy in avoiding routine cell inspections and searches); but see Hoch v. Tarkenton, No. 1:10–cv–02258–DLB PC, 2013 WL 1004847, at *2 (E.D.Cal. Mar. 13, 2013) (finding cognizable Fourth Amendment claim arising from contraband search of civil detainee's hospital room); Stearns v. Stoddard, No. C11–5422–BHS–JRC, 2012 WL 1596965, at *3 (W.D.Wash. Apr. 11, 2012) (recognizing that whether a civil detainee housed in a secure facility has any expectation of privacy in his room is an open question and finding entitlement to summary judgment on Fourth Amendment claim based on qualified immunity), report and recommendation adopted in full, 2012 WL 1597305 (W.D.Wash. May 7, 2012).

While Plaintiff is not serving time as a convicted criminal, he is involuntarily serving a civil commitment term or awaiting civil commitment proceedings at a secure facility, and thus he is not a free individual with a full panoply of rights. Hoch v. Mayberg, 1:10-CV-02258-AWI), 2014 WL 897034 at *5 (E.D.Cal., Mar. 6, 2014), report and recommendation not adopted in full, on other grounds, 2014 WL 2091244 (E.D.Cal, May 15, 2014). Maintaining facility security and effectively managing the facility are unquestionably legitimate, non-punitive government interests. Id. (citing Jones, 393 F.3d at 932 (quotation marks omitted)).

///

1   Plaintiff's allegations, that his "legal" personal property was taken during a search to look
2   for "illegal" property, fails to state a cognizable claim for relief. Plaintiff's allegations simply
3   do not demonstrate or support a plausible finding that the search was unreasonable. Plaintiff does
4   not allege that Defendants acted with deliberate indifference or cruelty, that they were attempting
5   to punish Plaintiff, or that they exhibited a pattern of searching his cell without cause and
6   confiscating his property. Thus, even if a reasonable expectation of privacy in Plaintiff's room
7   can be established, Plaintiff has failed to allege sufficient facts to reflect an unreasonable search
8   of his living area. Rotroff v. Ahlin, 1:13-cv-02017-LJO-MJ (PC), 2015 WL 1119539 at *6
9   (E.D.Cal. Mar. 11, 2015); see, e.g., Bell, 441 U.S. 520, 557 (1979) ("No one can rationally doubt
10  that room searches represent an appropriate security measure ….") Accordingly, the court finds
11  that Plaintiff fails to state a cognizable Fourth Amendment claim.

### E. Fourteenth Amendment – Conditions of Confinement

Civil detainees enjoy constitutional protection under the Fourteenth Amendment's Due Process Clause—not the Eighth Amendment, which analogously protects prisoners—from state facilities' imposition of restrictions and other general conditions of confinement that do not reasonably serve a legitimate, non-punitive government objective. Force v. Hunter, No. CV0502534SGL(RZ), 2009 WL 2407838, at *3 (C.D.Cal. July 29, 2009), aff'd, 401 F. App'x 175 (9th Cir. 2010); Cf. Bell, 441 U.S. at 538–39 (discussing rights of pretrial criminal detainees); Hare v. City of Corinth, 74 F.3d 633, 644–48 (5th Cir. 1996). The same Clause also bars particular acts or omissions by facility staff that are done with deliberate indifference or cruelty. Force, 2009 WL 2407838, at *3; (citing see Hare, 74 F.3d at 645–48 (distinguishing Bell in such situations based on DeShaney v. Winnebago County Dept. of Social Services, 489 U.S. 189, 198–200, 109 S.Ct. 998, 103 L.Ed.2d 249 (1989) (indicating that, whether source of detained person's rights is Fourteenth Amendment or Eighth Amendment, the rationale for applying a governmental duty to aid confined persons was the same for both criminals and civil detainees))). The Fourteenth Amendment is more protective than the Eighth Amendment and protects a civil detainee from punishment, not only from cruel and unusual punishment. See Jones, 393 F.3d at 931.

Plaintiff's allegations do not rise to the level of a Fourteenth Amendment violation. Plaintiff alleges that Defendants searched his room for "illegal" property but took "legal" property. As discussed above, there are no allegations in the First Amended Complaint showing that Defendants acted with deliberate indifference or cruelty, that they were attempting to punish Plaintiff, or that they exhibited a pattern of searching his cell without cause and confiscating his property. Under Plaintiff's current allegations, Plaintiff fails to state a constitutional claim.

Therefore, Plaintiff fails to state a claim for adverse conditions of confinement under the Fourteenth Amendment.

### F. Access to Family and Courts

Plaintiff complains of denial of access to family and courts for 30 days. This allegation is not sufficient to state a claim. Plaintiff must provide more factual information about the circumstances surrounding the denial of access, including which Defendant acted against him and what the Defendant(s) did that caused a deprivation of Plaintiff's rights. The following are the legal standards applicable to the claims Plaintiff appears to bring. Plaintiff is advised to review the standards before proceeding with these claims in the amended complaint.

#### 1. Access to Courts

Inmates have a fundamental constitutional right of access to the courts and prison officials may not actively interfere with Plaintiff's right to litigate. Lewis v. Casey, 518 U.S. 343, 346 (1996); Phillips v. Hust, 588 F.3d 652, 655 (9th Cir. 2009). Courts have traditionally differentiated between two types of access claims, those involving the right to affirmative assistance, and those involving an inmate's right to litigate without *active interference.* Silva v. De Vittorio, 658 F.3d 1090, 1102 (emphasis added). The right to *assistance* is limited to direct criminal appeals, habeas petitions, and civil rights actions. Lewis, 518 U.S. at 354 (emphasis added).

Prisoners have the right to pursue claims without active interference that have a reasonable basis in law or fact. Silva, 658 F.3d at 1103–04 ((finding that repeatedly transferring the plaintiff to different prisons and seizing and withholding all of his legal files constituted active interference). Mere inconvenience to Plaintiff resulting from lost, misplaced, or confiscated legal

documents will not suffice to support a constitutional claim. Id. at 1103–04. Inmates do not have the right to a law library or legal assistance. Lewis, 518 U.S. at 351. Law libraries and legal assistance programs are only the means of ensuring access to the courts. Id. Because inmates do not have "an abstract, freestanding right to a law library or legal assistance, an inmate cannot establish relevant actual injury by establishing that his prison's law library or legal assistance program is sub-par in some theoretical sense." Id.

Defendants' actions must have been the proximate cause of actual prejudice to Plaintiff. Silva, 658 F.3d at 1103–04. To state a viable claim for relief, Plaintiff must show that he suffered an actual injury, which requires "actual prejudice to contemplated or existing litigation" by being shut out of court. Nevada Dep't of Corr. v. Greene, 648 F.3d 1014, 1018 (9th Cir.2011) (citing Lewis, 518 U.S. at 348, 351); Christopher v. Harbury, 536 U.S. 403, 415 (2002); Phillips, 588 F.3d at 655. The complaint should state the underlying claim in accordance with Federal Rule of Civil Procedure 8(a), just as if it were being independently pursued, and a like plain statement should describe any remedy available under the access claim and presently unique to it. Christopher, 536 U.S. at 403.

## 2. Family Contact and Visitation

Under the Fourteenth Amendment, a civil detainee is protected from punishment, not only from cruel and unusual punishment. See Jones, 393 F.3d at 931. Inmates and by extension civil detainees have the right to communicate with people outside the [facility]. Valdez v. Rosenbaum, 302 F.3d 1039, 1948 (9th Cir.2002). The Constitution protects "certain kinds of highly personal relationships." Roberts v. United States Jaycees, 468 U.S. 609, 618, 104 S.Ct. 3244, 82 L.Ed.2d 462 (1984). However, "[t]here is no constitutional right of 'access to a particular visitor.'" Keenan v. Hall, 83 F.3d 1083, 1092 (9th Cir. 1996) (quoting Kentucky Dep't. of Corrections v. Thompson, 490 U.S. 454, 460–61, 109 S.Ct. 1904, 104 L.Ed.2d 506 (1989). Prisoners and civilly committed persons also have a First Amendment right to send and receive mail. Robinson v. Joya, 2010 WL 890437, at *6 (E.D.Cal. 2010) (citing Thornburgh v. Abbott, 490 U.S. 401, 407, 109 S.Ct. 1874, 104 L.Ed.2d 459(1989)); see also Valdez, 302 F.3d at 1048. At a minimum, Sexually Violent Predators (SVP) must be afforded the same rights afforded prisoners confined

in a penal institution. <u>Hydrick v. Hunter</u>, 500 F.3d 978, 998 (9th Cir.2007). However, many liberties and privileges enjoyed by other citizens must be surrendered when one is rightfully incarcerated, either as an inmate or an SVP. <u>See</u> <u>Overton v. Bazzetta</u>, 539 U.S. 126, 131, 123 S.Ct. 2162, 156 L.Ed.2d 162 (2001).

To the extent that Plaintiff was withheld from contact with his family as punishment, Plaintiff should explain what happened, including which named Defendant(s) punished him, how the Defendant(s) personally acted against him, whether there was a penological purpose for his punishment, and whether Plaintiff suffered any injury as a result.

### G.  **Verbal Threats**

Plaintiff alleges that "[t]hreats of destruction of personal property have been made." (ECF No. 1 at 3 ¶ 3.)  Plaintiff is advised that verbal harassment or abuse alone is not sufficient to state a claim under section 1983, <u>Oltarzewski v. Ruggiero</u>, 830 F.2d 136, 139 (9th Cir. 1987), and threats do not rise to the level of a constitutional violation, <u>Gaut v. Sunn</u>, 810 F.2d 923, 925 (9th Cir. 1987).

### H.  **Doe Defendants**

Plaintiff names John Doe and Jane Doe as defendants.  Unidentified, or "John Doe" defendants must be named or otherwise identified before service can go forward.  "As a general rule, the use of 'John Doe' to identify a defendant is not favored." <u>Gillespie v. Civiletti</u>, 629 F.2d 637, 642 (9th Cir. 1980). Plaintiff is advised that John Doe or Jane Doe defendants cannot be served by the United States Marshal until Plaintiff has identified them as actual individuals and amended his complaint to substitute names for John Doe and Jane Doe.  For service to be successful, the Marshal must be able to identify and locate defendants.

## V. **CONCLUSION AND ORDER**

The court finds that Plaintiff fails to state any cognizable claims in the Complaint.  The court will dismiss the Complaint and grant Plaintiff leave to amend.

Under Rule 15(a) of the Federal Rules of Civil Procedure, "[t]he court should freely give leave to amend when justice so requires." Accordingly, the court will provide Plaintiff an

///

opportunity to file a First Amended Complaint. Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000). Plaintiff is granted leave to file the First Amended Complaint within thirty days.

The First Amended Complaint must allege facts showing what each named defendant did that led to the deprivation of Plaintiff's constitutional rights. Fed. R. Civ. P. 8(a); Iqbal, 556 U.S. at 678; Jones, 297 F.3d at 934. Plaintiff must demonstrate that each defendant *personally* participated in the deprivation of his rights by their actions. Iqbal, 556 U.S. at 676-77 (emphasis added).

In the amended complaint, Plaintiff should include only those facts needed to state his claims against each defendant, and there is no need for legal citations, arguments, or hypothetical examples.

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purpose of changing the nature of this suit or adding unrelated claims. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints). Plaintiff is also advised that he has not been granted leave to include allegations of events occurring after the initiation of this lawsuit on April 19, 2018.

Plaintiff is advised that an amended complaint supercedes the original complaint, Lacey, 693 F 3d. at 907 n.1 (*en banc*), and it must be complete in itself without reference to the prior or superceded pleading, Local Rule 220. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

Based on the foregoing, it is **HEREBY ORDERED** that:

1. Plaintiff's Complaint, filed on April 19, 2018, is DISMISSED for failure to state a claim, with leave to amend;
2. The Clerk's Office shall send Plaintiff a civil rights complaint form;
3. Plaintiff is granted leave to file a First Amended Complaint, within **thirty (30) days** from the date of service of this order;

///

4. Plaintiff shall caption the amended complaint "First Amended Complaint" and refer to the case number 1:18-cv-00546-LJO-GSA-PC; and
5. Plaintiff's failure to file a First Amended Complaint in compliance with this order within thirty days may result in a recommendation that this case be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated: **December 18, 2018**            **/s/ Gary S. Austin**
                                        UNITED STATES MAGISTRATE JUDGE