# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROLAND THOMAS KOCH, | 1:18-cv-00546-NONE-GSA-PC |
| Plaintiff, | ORDER RE PLAINTIFF'S NOTICE OF VOLUNTARY DISMISSAL UNDER RULE 41 |
| vs. | (ECF No. 4.) |
| PAM AHLIN, et al., | |
| Defendants. | ORDER DIRECTING CLERK TO CLOSE FILE |

Roland Thomas Koch ("Plaintiff") is a civil detainee proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this case on April 19, 2018. (ECF No. 1.)

On December 18, 2018, the court screened the Complaint and dismissed it for failure to state a claim, with leave to amend. (ECF No. 15.) On January 10, 2019, Plaintiff filed the First Amended Complaint. 28 U.S.C. § 1915. (ECF No. 16.) On December 20, 2020, the court screened the First Amended Complaint and dismissed it for failure to state a claim, with leave to file a Second Amended Complaint. (ECF No. 19.) On January 21, 2020, Plaintiff filed a request for a 90-day extension of time to amend the complaint, which was granted by the court on January 23, 2020. (ECF Nos. 20, 22.)

On February 20, 2020, Plaintiff filed a "motion for evaluation," in which he asks the court to agree with him that he should dismiss this case, without prejudice to refiling the case upon his release from the facility where he is detained. Plaintiff describes his difficulties in preparing the

1

amended complaint and asserts that he is also proceeding with a habeas corpus petition, which impedes his efforts in this case. The court construes Plaintiff's "motion for evaluation" as a notice of voluntary dismissal of this case under Rule 41 of the Federal Rules of Civil Procedure.

Plaintiff has a right to voluntarily dismiss this case under Rule 41. In <u>Wilson v. City of San Jose</u>, the Ninth Circuit explained:

> Under Rule 41(a)(1), a plaintiff has an absolute right to voluntarily dismiss his action prior to service by the defendant of an answer or a motion for summary judgment. <u>Concha v. London</u>, 62 F.3d 1493, 1506 (9th Cir. 1995) (citing <u>Hamilton v. Shearson-Lehman American Express</u>, 813 F.2d 1532, 1534 (9th Cir. 1987)). A plaintiff may dismiss his action so long as the plaintiff files a notice of dismissal prior to the defendant's service of an answer or motion for summary judgment. The dismissal is effective on filing and no court order is required. <u>Id.</u> The plaintiff may dismiss some or all of the defendants, or some or all of his claims, through a Rule 41(a)(1) notice. <u>Id.</u>; <u>Pedrina v. Chun</u>, 987 F.2d 608, 609-10 (9th Cir. 1993). The filing of a notice of voluntary dismissal with the court automatically terminates the action as to the defendants who are the subjects of the notice. <u>Concha</u>, 62 F.2d at 1506. Unless otherwise stated, the dismissal is ordinarily without prejudice to the plaintiff's right to commence another action for the same cause against the same defendants. <u>Id.</u> (citing <u>McKenzie v. Davenport-Harris Funeral Home</u>, 834 F.2d 930, 934-35 (9th Cir. 1987)). Such a dismissal leaves the parties as though no action had been brought. <u>Id.</u>

<u>Wilson v. City of San Jose</u>, 111 F.3d 688, 692 (9th Cir. 1997). No defendant has filed an answer or motion for summary judgment in this case. Therefore, Plaintiff's notice of dismissal is effective, and this case shall be closed.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's notice of voluntary dismissal is effective as of the date it was filed;
2. This case is DISMISSED in its entirety without prejudice to refiling the case; and
3. The Clerk of the Court is DIRECTED to close the file in this case and adjust the docket to reflect voluntary dismissal of this action pursuant to Rule 41(a).

IT IS SO ORDERED.

Dated: **February 24, 2020**          /s/ Gary S. Austin
                                                       UNITED STATES MAGISTRATE JUDGE